UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| CHRISTOPHER HARVEY HARE, <br> Appellant, | DOCKET NUMBER <br> PH-3443-14-0638-I-1 |
| v. | |
| NATIONAL CREDIT UNION <br> ADMINISTRATION, <br> Agency. | DATE: October 8, 2014 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Christopher Harvey Hare, Abingdon, Maryland, pro se.

Scott E. Schwartz, Esquire, Alexandria, Virginia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## REMAND ORDER

¶1　The appellant has filed a petition for review of the initial decision, which dismissed his Veterans Employment Opportunities Act of 1998 (VEOA) appeal for lack of jurisdiction based on his failure to exhaust his administrative remedy with the Department of Labor (DOL). For the reasons discussed below, we

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

GRANT the appellant's petition for review and REMAND the case to the regional office for further adjudication in accordance with this Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2		The appellant applied for the position of regional lending specialist with the agency but was notified of his nonselection in April 2014. Initial Appeal File (IAF), Tab 3 at 24-25. He filed this Board appeal the day after the agency notified him of the nonselection. IAF, Tab 1. The administrative judge issued an order informing the appellant of the jurisdictional requirements for a VEOA claim, including exhaustion before DOL. IAF, Tab 5. The appellant filed a complaint with DOL in May 2014. IAF, Tab 8. The agency moved to dismiss the appeal, arguing that the appellant did not exhaust his administrative remedy with DOL, that the appellant's employment application did not demonstrate that he was a preference eligible, and that he was not qualified for the position for which he applied. IAF, Tab 11 at 4, 9-11. The administrative judge granted the agency's motion to dismiss because the appellant had failed to exhaust his administrative remedy with DOL. IAF, Tab 12, Initial Decision (ID).

¶3		The appellant has filed a timely petition for review. Petition for Review (PFR) File, Tab 1. With his petition, the appellant submits a July 16, 2014 letter from DOL notifying him that it has closed its investigation and informing him of his Board appeal rights. *Id*. at 6. In response, the agency does not appear to dispute that the appeal is now ripe for Board review but instead reiterates its arguments on the merits. PFR File, Tab 2.

¶4		A VEOA complaint must be filed with DOL within 60 days after the date of the alleged violation. 5 U.S.C. § 3330a(a)(2). Filing a VEOA complaint with DOL before filing a Board appeal is a prerequisite to establishing the Board's jurisdiction over a VEOA appeal. *Sears v. Department of the Navy*, 86 M.S.P.R. 76, ¶¶ 3-7 (2000). A preference eligible may then file a Board appeal within 15 days after the date on which he receives written notification of the results of

DOL's investigation. *Id.*, ¶ 7. In this case, the record shows that the appellant filed his Board appeal before filing his DOL complaint. IAF, Tabs 1, 8. Therefore, the administrative judge correctly dismissed the appeal for lack of jurisdiction. ID at 3-4. However, the appellant on review has submitted uncontested new and material evidence that shows that he filed a complaint within 60 days of the alleged violation and that he has now exhausted the DOL complaint process. PFR File, Tab 1 at 6. We therefore find that the appellant has satisfied the exhaustion requirement and may proceed with his VEOA appeal. *See Wooten v. Department of Veterans Affairs*, 96 M.S.P.R. 671, ¶ 9 (2004) (finding that upon submission of a DOL close-out letter on review, the appellant had exhausted his DOL remedy and could pursue his VEOA appeal before the Board).

¶5        In addition to satisfying the exhaustion requirement, in order to establish jurisdiction in a VEOA appeal, the appellant also must make nonfrivolous allegations that: (1) he is a preference eligible within the meaning of VEOA; (2) the action at issue took place on or after the enactment date of VEOA (October 30, 1998); and (3) the agency violated his rights under a statute or regulation relating to veterans' preference. *Miller v. Federal Deposit Insurance Corporation*, 121 M.S.P.R. 88, ¶ 6 (2014). For the reasons set forth below, we find that the appellant has made the required nonfrivolous allegations.

¶6        According to the relevant statute, a preference eligible includes a veteran that served on active duty during the period from August 2, 1990, to January 2, 1992. 5 U.S.C. § 2108(1)(C),(3)(B); *see Hay v. U.S. Postal Service*, 103 M.S.P.R. 167, ¶ 15 (2006). Active duty is defined as full-time duty in the Armed Forces, other than active duty for training. 38 U.S.C. § 101(21). The Armed Forces includes reserve components such as the Air Force Reserve. 38 U.S.C. § 101(10), (27)(D). The appellant argued that he is a preference eligible because, as a member of the National Guard, he served on active duty during the Gulf War. IAF, Tab 1 at 7, Tab 6 at 4. The appellant

alleged that he was called to active duty numerous times. IAF, Tab 1 at 7. In his application package, the appellant submitted his "Report of Separation and Record of Service in the Air National Guard of Maryland and as a Reserve of the Air Force," which showed National Guard service from April 1983, to September 1992. IAF, Tab 11 at 24. Although in boxes 10(b) and 10(c), the form indicates that the appellant did not have any *prior* reserve component service or active federal service, there is no indication that he did not have such service from the date of rank in October 1988, until his separation in September 1992 (the period included on the form). *Id.* Another document, submitted on appeal, shows the appellant's January 1991 temporary duty orders from the Maryland Air National Guard. IAF, Tab 6 at 6. We find that this evidence shows that the appellant served in the National Guard during the period from August 2, 1990, to January 2, 1992, and suggests that he could have served in a reserve component during this time. IAF, Tab 11 at 24. We therefore find that the appellant has nonfrivolously alleged that he is a preference eligible. *See* 5 U.S.C. § 2108(1)(C),(3)(B).

¶7        It is undisputed that the appellant's nonselection took place after the October 30, 1998 enactment of VEOA. IAF, Tab 3 at 24-25. Thus the only remaining issue is whether the appellant has nonfrivolously alleged that the agency violated his veterans' preference rights. An appellant's allegation, in general terms, that his veterans' preference rights were violated is sufficient to meet the nonfrivolous allegation requirement. *Miller*, 121 M.S.P.R. 88, ¶ 6. Here, the appellant alleged that he was not selected for the regional lending specialist position based upon a violation of his veterans' preference. IAF, Tab 3 at 5-6. We find that this allegation is sufficiently detailed to satisfy VEOA's jurisdictional requirements. *See Miller*, 121 M.S.P.R. 88, ¶ 6. Thus, we find that the appellant has established jurisdiction over his VEOA appeal.[2]

---

[2] Although we find that the appellant has established jurisdiction over his VEOA appeal, we note that in order to prevail on the merits, he must prove by preponderant evidence both that he is a preference eligible and that the agency violated his veterans'

**ORDER**

For the reasons discussed above, we REMAND this case to the regional office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:       _____
                 William D. Spencer
                 Clerk of the Board

Washington, D.C.

---

preference rights. *See Isabella v. Department of State*, 106 M.S.P.R. 333, ¶¶ 21-22 (2007), *aff'd*, 109 M.S.P.R. 453 (2008).